IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT WILLIS, <br> TDCJ NO. 1839636, <br><br> Plaintiff, <br><br> v. <br><br> SENIOR WARDEN SIMPSON, <br><br> Defendant. | § § § § § § § § § § § | <br><br><br><br><br><br> CIVIL ACTION NO. H-14-0563 |

**MEMORANDUM OPINION AND ORDER**

Robert Willis, an inmate of the Boyd Unit of the Texas Department of Criminal Justice, has filed a prisoner civil rights complaint against Troy Simpson, Senior Warden of the Pam Lychner State Jail for unlawful imprisonment. This action will be dismissed as frivolous.

**I.   Factual Background and Claims**

Willis contends that Warden Simpson detained him for 60 days beyond his maximum discharge date. He claims that he had reached his discharge date when he arrived at the Pam Lychner State Jail. Willis alleges that he brought this fact to Warden Simpson's attention, but that it took approximately 60 days before he was released. He seeks compensatory damages for every day that he has been illegally imprisoned. TDCJ records reflect that Willis is currently serving a four-year sentence pursuant to a 2013

Bexar County conviction for possession of a controlled substance. See TDCJ Website, http://offender.tdcj.state.tx.us/.

## II. Standard of Review

The complaint in this action is governed by the Prison Litigation Reform Act ("PLRA"). Upon initial screening of a prisoner civil rights complaint the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds in forma pauperis. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

Courts construe pleadings filed by pro se litigants under a less stringent standard of review. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972). Under this standard "[a] document filed pro se is

-2-

'to be liberally construed,' Estelle [v. Gamble, 97 S. Ct. 285, 292 (1976)], and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949, quoting Twombly, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, at 678.

### III. Analysis

Willis has no standing to seek damages in this suit. When an inmate files a civil rights complaint that challenges the legality of his confinement he must show that the criminal judgment for which he is being held has been overturned on direct appeal or in a post-conviction application for a writ of habeas corpus. See Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). Challenges

regarding denial of time credit or dates of release are also subject to Heck's requirement. Kennedy v. State of Texas Pardons and Paroles, 136 F. App'x 712 (5th Cir. 2005); Rooding v. Peters, 92 F.3d 578, 580-81 (7th Cir. 1996). See also Edwards v. Balisok, 117 S. Ct. 1584, 1589 (1997); Orange v. Ellis, 348 F. App'x 69, 72 (5th Cir. 2009); Clarke v. Stadler, 154 F.3d 186, 189 (5th Cir. 1997).

Willis alleges that he was wrongly held pursuant to a decision by prison authorities, but he fails to show that the decision was overturned by judicial action in a habeas proceeding or a decision by an appropriate administrative tribunal. Because the remedy he seeks concerns the time he must serve in prison, he must file a habeas petition. Kennedy, 136 F. App'x at 713, citing Wilkinson v. Dotson, 125 S. Ct. 1242, 1247 (2005); Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996), citing, Serio v. Members of La. Bd. of Pardons, 821 F.2d 1112 (5th Cir. 1987).

Because this action challenges the legality of a jail detention which has not been overturned, it is frivolous since it lacks an arguable basis in law. Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). Willis's claims will be dismissed without prejudice to their being asserted again after the Heck conditions are met. DeLeon v. City of Corpus Christi, 488 F.3d 649 (5th Cir. 2007), citing Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

## IV. Conclusion

The court **ORDERS** the following:

1. This prisoner civil rights complaint (Docket Entry No. 1), filed by inmate Robert Willis (TDCJ No. 1839636), is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

2. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

3. Officials at the TDCJ Inmate Trust Fund are **ORDERED** to withdraw four dollars ($4.00) from the inmate trust account of Robert Willis (TDCJ No. 1839636) and forward the funds to the Clerk. Thereafter, the Inmate Trust Fund shall deduct twenty per cent of each deposit made to Willis's inmate trust account and forward the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

4. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this the 3rd day of April, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE